**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

FELIX DeJESUS,

                              Plaintiff,

   v.                                                   No. 04-CV-1037 (TJM/DRH)

ANSTRONG; JOHN DOE; B. COOK; GLENN CHAMPAGNE; PETER PILIERO; LAWRENCE; B. JENNE DOE; DENNY; ANNE LAUDRY; ROY A. GIRDICH; D.A. ROCK; GLENN S. GOORD; and CHARLES E. DUFRAIN,

                              Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

FELIX DeJESUS
Plaintiff Pro Se
No. 95-A-2956
Mohawk Correctional Facility
6100 School Road
Post Office Box 8451
Rome, New York 13442-8451

HON. ELIOT SPITZER                 MEGAN M. BROWN, ESQ.
Attorney General for the            Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Felix DeJesus ("DeJesus"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants, thirteen DOCS employees, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 5) at ¶¶ 51-56. Presently pending is the motion of nine defendants[2] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 40, 49.[3] For the following reasons, it is recommended that defendants' motions be granted. It is also recommended that the amended complaint be dismissed without prejudice as to the remaining four defendants because service of process upon them has not been completed.

## I. Background

The facts as alleged in the complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

On October 2, 2000, DeJesus was assigned to Franklin Correctional Facility ("Franklin"). Am. compl. at ¶ 17. He immediately advised defendant Armstrong, a nurse, that he feared he had contracted hepatitis while incarcerated at Upstate Correctional Facility, his previous place of incarceration. Id. at ¶¶ 4, 17. DeJesus requested that Armstrong hospitalize him, but she declined. Id. at ¶ 17. DeJesus was treated by others, his ears became infected, the infection was untreated in a timely manner, and this resulted in the permanent loss of hearing in his left ear in August 2002. Id. at ¶¶ 20.-22, 31.

---

[2] Armstrong, Cook, Goord, Rock, Denny, Champagne, Landry, Girdich, and Dufrain. Defs. Mem. of Law (Docket Nos. 40, 49).

[3] Defendants filed their first motion on behalf of defendants Armstrong, Cook, Goord, Rock, Penny, and Champagne. Defs. Mem. of Law (Docket No. 40) at 1. Thereafter, service was completed on defendants Landry, Girdich, and Dufrain and defendants filed the second identical motion on their behalf. Defs. Mem. of Law (Docket No. 49) at 1.

2

DeJesus further alleges that on various occasions between 2000 and 2002, he complained to various defendants that his medications were causing his tongue a burning sensation and that his medications were improper. Id. at ¶¶ 23-25. He also contends that at different times in this same period, his requests to defendants to be permitted to go to the bathroom and to remain in his cell because he was sick were denied. Id. at ¶¶ 26-27.

On January 7, 2003, DeJesus suffered a stroke which left him paralyzed on the left side. Id. at ¶ 32. DeJesus alleges that the stroke resulted from defendants' purposefully ignoring his prior complaints and requests for medical services. id. DeJesus was taken to the Albany Medical Center Hospital (AMCH) for treatment. Id. at ¶ 33. This action followed.

## II. Discussion

DeJesus asserts ten causes of action in his complaint, each alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. Am. Compl. at ¶¶ 51-56. The moving defendants seek dismissal of all claims. Docket Nos. 40, 49.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v.

3

King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In evaluating whether these requirements are met, complaints prepared pro se are held to "less stringent standards than formal pleadings drafted by lawyers. . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

"Where a motion to dismiss is made prior to any discovery or the filing of an answer, the court is loath to dismiss the complaint, regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief." Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)).  "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Lugo, 114 F. Supp. 2d at 113 (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

### B. Statute of Limitations

Defendants seek dismissal of the claims against the defendants whose conduct is alleged to have occurred beyond the statute of limitations applicable to DeJesus' claims.

While there is no provision in 42 U.S.C. § 1983 for the statute of limitations of a civil rights claim, 42 U.S.C. § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973).  In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon liability created by statute. See Owens v. Okure, 488 U.S. 235, 251 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y.C.P.L.R. 214(2) (McKinney 2003).

Federal law governs the determination of the accrual date for the purposes of a § 1983 claim. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (citing Heard v. Sheahan, 253 F.3d 316, 317-18 (7th Cir. 2001); Harvey v. Waldron, 253 F.3d 1008, 1013 (9th Cir. 2001); Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980)). The claim accrues when the plaintiff "knows or has reason to know" of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (citations omitted). "The crucial time for accrual purposes is when the plaintiff becomes aware that he [or she] is suffering from a wrong for which damages may be recovered in a civil action." Singleton, 632 F.2d at 192. However, if the plaintiff demonstrates a continuing violation, the statute of limitations is tolled and "does not begin until the last injurious act." Shomo v. City of New York, No. 03 Civ. 10213(AKH), 2005 WL 756834, at *4 (S.D.N.Y. Apr. 4, 2005). In order to invoke the doctrine of continuing violation, plaintiff must "'allege both the existence of an ongoing policy of discrimination and some non-time barred acts taken in furtherance of that policy.'" Id. at *6 (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)).

DeJesus filed his complaint on August 25, 2004. Compl. (Docket No. 1). The Second Circuit has held that a complaint is deemed "filed" by an inmate when it is delivered to prison officials. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993). Therefore, even though this action was not filed until August 25, 2004, the original complaint was signed on August 22, 2004, and that is the date used as the filing date for purposes of determining the statute of limitations claims. Docket No. 4 at 4.

Liberally construing the amended complaint and viewing the allegations in the light most favorable to DeJesus, he alleges that from October 2000 through August 2002, he regularly sought treatment from defendants for suspected hepatitis, defendants ignored his

5

complaints and denied treatment, and defendants' conduct caused DeJesus to contract hepatitis or exacerbated the effects of the disease resulting in his loss of hearing in his left ear. Moreover, so construed and viewed, the amended complaint alleges that defendants also ignored DeJesus' complaints of pain and illness between October 2000 and January 7, 2003 and that defendants' conduct caused or contributed to DeJesus suffering a stroke. Both sets of allegations sufficiently allege continuing violations of DeJesus' Eighth Amendment rights commencing before the period of limitation but continuing to within the three-year period of that limitation. Accordingly, defendants' contention that the complaint should be dismissed as to those defendants' whose conduct was limited to the period prior to the period of limitation is defeated at this stage by the continuing violation doctrine and their motions on this ground should be denied.

### C. Eighth Amendment

DeJesus contends in each cause of action that defendants violated his Eighth Amendment rights by failing to provide proper medical care. Defendants contend that DeJesus fails to allege an Eighth Amendment claim.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege "'deliberate indifference'" to his "'serious medical need.'" Wilson v. Seiter, 501 U.S. 294, 297 (1991) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). More than negligence is required but less than "conduct undertaken for the purpose of causing harm." Hathaway v. Coughlin, 37 F.3d 62, 66 (2d Cir. 1994). The test for a § 1983 claim is twofold. Hayes v. New York City Dept. of Corrs., 83 F.3d 614, 620 (2d Cir. 1996). First, the prisoner must show that there was a "sufficiently serious" medical need. Hathaway, 37 F.3d at 66.

6

Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 837 (1994). Prison officials "who actually knew of the substantial risk to inmate health and safety may be found free from liability if they reasonably responded to the risk, even if the harm ultimately was not avoided." Farmer, 511 U.S. at 844.

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). "Factors that have been considered include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance, 143 F.3d at 702 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Chance, 143 F.3d at 702-03. Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Allegations of negligent malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

7

### 1. Defendant Cook

DeJesus' claim against Cook in paragraph 24 of the amended complaint fails to meet the standard of an Eighth Amendment violation. See Am. Compl. at ¶ 24. DeJesus contends that his medication was causing him pain and that he asked Cook to let him see a doctor about this pain. Id. However, DeJesus fails to allege that Cook was deliberately indifferent to this purported medical need. As such, the allegations in paragraph 24 against Cook should be dismissed on this ground.

DeJesus also appears to allege that Cook washed his ears and removed residue that had built up from an ear infection, telling DeJesus that he had suffered permanent hearing loss due to earlier improper treatment. Id. at ¶ 20. Although permanent hearing loss is undoubtedly a serious medical condition, even taking all allegations in the light most favorable to DeJesus, he has failed to allege, in any way, deliberate indifference on the part of Cook. There is no allegation that Cook acted with a sufficiently culpable frame of mind and, as such, the allegations against Cook should be dismissed.

### 2. Defendant Champagne

DeJesus alleges that Champagne prescribed antibiotics and ear drops for his ear infection on August 6, 2002. Am. Compl. at ¶ 21. DeJesus states that this was the only medicine that he received from Champagne and seems to allege that more should have been done. Id. Again, even construed in the light most favorable to DeJesus, this conclusory allegation is insufficient to meet the standards of an Eighth Amendment violation. The Second Circuit has held that mere disagreement over the proper treatment of

8

a medical need does not constitute a constitutional violation so long as the treatment was adequate. Chance, 143 F.3d at 703. Further, there is no allegation that Champagne acted with the requisite deliberate indifference to DeJesus' condition. See id. at 702; see also United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867 (2d Cir. 1970) (holding that a prisoner has a right to medical care but not to the type or scope of medical care which he personally desires).

Therefore, the complaint against Champagne should be dismissed.

### 3. Defendant Denny

The only allegation against Denny is that, on one occasion, she refused to allow DeJesus to go to his cell to get his medication. Am. Compl. at ¶ 26. Based on the amended complaint, DeJesus was without his medication for three hours as a result. Id. This claim, again, falls short of Eighth Amendment standards.

DeJesus has failed to allege that Denny showed deliberate indifference in denying him access to his medication. Further, a three-hour delay is insufficient to establish an Eighth Amendment violation. See Woods v. Goord, No. 97 Civ. 5143, 1998 WL 740782(RWS), at *12 (S.D.N.Y. Oct. 23, 1998) (holding that a one-month delay in receiving medication was not sufficiently serious to constitute an Eighth Amendment violation); see also Peterson v. Scully, 707 F. Supp. 759, 761 (S.D.N.Y. 1989) (holding that a three-month delay in receiving certain medication for a skin problem was insufficient to establish an Eighth Amendment claim); Evans v. Bonner, 196 F. Supp. 2d 252, 256 (E.D.N.Y. 2002) (holding that delay in providing medication to HIV-positive inmate did not cause sufficiently serious injury to constitute an Eighth Amendment violation).

For the foregoing reasons, the motion to dismiss as to Denny should be granted.

### 4. Defendant Landry

DeJesus' claims against defendant Landry also fail to state a cognizable cause of action under the Eighth Amendment. After complaining of dizziness, nausea, loss of appetite and stomach pain, DeJesus asked Landry to allow him to see a doctor, but was denied. Am. Compl. at ¶ 27. Although denial of medical care can be seen as deliberate indifference to a serious medical need, "[w]hen the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone" in deciding whether the alleged deprivation was sufficiently serious to constitute an Eighth Amendment violation. Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003). DeJesus' claim was a one-time denial of permission to see the physician; as such, this is insufficient to meet the standard of deliberate indifference to a serious medical need required by the Eighth Amendment. See, e.g., id. (holding that Eighth Amendment standards are not met when defendant was denied medical care for HIV in an isolated instance when he was receiving care on a regular basis).

Defendants' motion as to Landry should, therefore, be granted.

### 5. Defendant Armstrong

DeJesus' claims against Armstrong fail to state a cognizable claim under the Eighth Amendment. On October 2, 2000, DeJesus asked Armstrong to admit him to the hospital because he feared for his personal safety due to his hepatitis C. Am. Compl. at ¶ 17. Although DeJesus may have preferred to be admitted to the hospital for treatment other than that which he was already receiving, the type and scope of the medical care is a decision that is left to the healthcare professional. See McGinnis, 429 F.2d at 867. Moreover, here too, DeJesus has failed to allege facts establishing that Armstrong acted deliberately or recklessly in disregard of DeJesus' medical condition. Thus, defendants' motion as to Armstrong should be granted.

### 46. Defendants Goord, Rock, Girdich, and Dufrain

The only allegations concerning the above-mentioned defendants is in reference to a letter from defendant Rock to a friend of DeJesus. See attached letter to Am. Compl.; Am. Compl. at ¶¶ 28-30. This letter merely states that defendants investigated a complaint which was made by DeJesus' friend and that the defendants could find no facts to substantiate the complaint lodged by DeJesus' friend. This letter alone is insufficient to raise a claim for a violation of constitutional rights under the Eighth Amendment and defendants' motion as to these four defendants should be granted.

### E. Qualified Immunity

Defendants contend in the alternative that they are entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability "insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation.  Only if there was a constitutional violation does the court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken v. Nixon, 236 F. Supp. 2d 211, 230 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. 2003). Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of DeJesus' allegations as true, he has not demonstrated a constitutional violation by any defendant.

Therefore, in the alternative, defendants' motion to dismiss on this ground should be granted.

### F. Failure to Serve Defendants John Doe, B. Jenne Doe, Lawrence, and Piliero[4]

DeJesus' amended complaint asserts claims against John Doe and B. Jenne Doe, defendants who have neither been identified nor served with process.  Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the filing date of the complaint.  See also N.D.N.Y.L.R. 4.1(b).  Because defendants John Doe and B. Jenne Doe have not been identified by DeJesus or served with process, it is recommended that the complaint be dismissed without prejudice against these defendants.

As to defendant Piliero, a summons for service of process was issued on June 6,

---

[4] In his amended complaint, DeJesus improperly identifies Piliero as Peliero.  See Docket No. 63.

2005. Docket Entry dated 6/7/05. The summons was returned unexecuted on August 8, 2005. Docket No. 25. On October 13, 2005, a summons was reissued for Piliero. Docket Entry dated 10/13/05. On January 26, 2006, the summons was again returned unexecuted. Docket No. 57. On March 14, 2006, a letter was sent to William M. Gonzalez, a deputy counselor for DOCS, to locate Piliero. Docket No. 62. Gonzales notified DeJesus, after informing him of the proper spelling of Piliero's name, that he could not locate Piliero. Docket Nos. 63, 66. Because more than 120 days have passed since the summons for Piliero was issued, it is also recommended that the amended complaint be dismissed as to Piliero without prejudice pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

Finally, DeJesus' complaint asserts a claim against Lawrence, who also has not been further identified or served with the complaint. Because Lawrence has not timely been served with process, it is recommended that the complaint be dismissed without prejudice against this defendant pursuant to Rule 4(m) and Local Rule 4.1(b).

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motions to dismiss (Docket Nos. 40, 49) be **GRANTED** as to the nine moving defendants; and

**IT IS FURTHER RECOMMENDED** that the amended complaint be **DISMISSED** without prejudice as to defendants John Doe, B. Jenne Doe, Lawrence, and Piliero; and

**IT IS ORDERED** that defendants' motions pursuant to Fed. R. Civ. P. 26(c) for a protective order barring discovery pending decision on these motions (Docket Nos. 40, 49) is **DENIED** as moot in light of the disposition recommended herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: August 11, 2006
       Albany, New York

*David R. Homer*
United States Magistrate Judge